IN THE UNITED STATES DISCTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VARIANT HOLDINGS LLC<br>AND VARIANT, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:11-CV-00427-JRG |
| v. | § | |
| | § | |
| HILTON HOTELS HOLDINGS LLC, ET AL. | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction**

Pending before the Court is Defendants Hyatt Corporation; Hyatt Hotels Corporation; Hyatt Hotels Management Corporation; and Hyatt Place Franchising, LLC's (collectively, "Hyatt") Motion to Dismiss (Dkt. No. 60) and Benchmark Hospitality International's ("Benchmark") Motion to Dismiss (Dkt. No. 65). For the reasons discussed below, both Defendant Hyatt's Motion to Dismiss (Dkt. No. 60) and Defendant Benchmark's Motion to Dismiss (Dkt. No. 65) are **DENIED.**

**II.    Factual and Procedural Background**

Plaintiff Variant Holdings ("Variant") filed its Original Complaint on September 15, 2011 – the eve of effective date of the America Invents Act ("AIA"). Plaintiff seemingly admits that the Original Complaint was deficiently pleaded. On November 29, 2011, Defendant Hyatt filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Dkt. No. 60), arguing that Plaintiff's Original Complaint should be dismissed as

deficient. Specifically, Hyatt argues that the Original Complaint fails to allege a sufficient jurisdictional basis and fails to provide adequate notice of the claims against it.

On December 16, 2011, Plaintiff filed an Amended Complaint. (Dkt. No. 67). In Plaintiff's Amended Complaint, Plaintiff included a more detailed description of its jurisdictional basis, including a description of each Defendant's principal place of business and their activities within the state of Texas. *Id.* Additionally, Plaintiff expanded upon its claims against the Defendants, including a list of the allegedly infringing websites that belong to each Defendant. *Id.*

To promote judicial economy, Defendant Benchmark joined Hyatt's Motion to Dismiss and bound itself to the Court's ruling on this motion. (Dkt. No. 65). Plaintiff noted Benchmark's addition (Dkt. No. 73) and addressed its sur-reply to both Hyatt and Benchmark. (Dkt. No. 73).

In its reply, Hyatt argues that, regardless of the Amended Complaint, the case should be dismissed. Defendants claim Plaintiff's Original Complaint was merely a placeholder to ensure this case was filed before the enactment of the AIA and lacked sufficient details to place all defendants on notice of Plaintiff's claims against them. (Dkt. No. 69, at 3). As a result, Defendants argue the commencement date of this law suit should be determined from the date Plaintiff filed the Amended Complaint, placing this case under the AIA requirements.

## III. Applicable Law

To meet the pleading requirements under Federal Rule of Civil Procedure 8, "a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are

viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

A civil action is considered "commenced" by filing a complaint. Fed. R. Civ. P. 3. "An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c); *McCellon v. Lone Star Gas Co.*, 66 F.3d 98 (5th Cir. 1995).

**IV.  Analysis**

First, the Court considers Defendants' claim that Plaintiff's Original Complaint was merely a placeholder to ensure this case was filed before the effective date of the AIA and that it lacked sufficient detail to place all defendants on notice of Plaintiff's claims. (Dkt. No. 69). As a result, Defendants assert that the commencement date of this action should be the date Plaintiff filed the Amended Complaint. The Court disagrees.

The Fifth Circuit has specifically rejected the argument that a party cannot amend a complaint to cure Rule 8 pleading deficiencies and still maintain the commencement date as the date the original complaint was filed. *See McClellon*, 66 F.3d at 103 (holding the amended complaint must be given the date of the original complaint even though it was deficient). Defendants' argument relating the applicability of the AIA to this case is wholly irrelevant. The Original Complaint was filed before the effective date the AIA, and as such, the act simply does not apply or control in this case.

As to the Original Complaint, Defendants argue Plaintiff failed to allege a sufficient jurisdictional basis. (Dkt. No. 60, at 5-6). In its Amended Complaint, Plaintiff includes a discussion of the Texas Long Arm Statute and explains why Defendants are subject to the

Court's jurisdiction. (Dkt. No. 67, ¶27). This Court finds that any deficiencies in the Original Complaint regarding Plaintiff's jurisdictional basis are cured by the Amended Complaint.

Defendants also argue that Plaintiff failed to provide them with adequate notice of the claims against them. (Dkt. No. 60, at 6-8). Defendants argue that in order to comply with the pleading requirements, Plaintiff must "at a minimum … notify [Defendants] as to which website (or feature of the website) allegedly infringes the patent-in-suit and provide sufficient factual information such that [Defendants] can identify the accused products/system." (Dkt. No. 60, at 7). Plaintiff likewise has cured this defect by way of its Amended Complaint, which provides Defendants with a list of the websites which Plaintiff claims infringe the patent-in-suit. (Dkt. No. 67, ¶53). This objection falls short in the Court's view.

## V. Conclusion

The Court finds Plaintiff has sufficiently met the broad and liberal pleading standard through its Amended Complaint. The Court also finds the Plaintiff's Amended Complaint properly asserts a claim that arose out of the occurrence Plaintiff attempted to set out in its original pleading. Accordingly, and as set forth above, Hyatt and Benchmark's Motions to Dismiss (Dkt. Nos. 60 and 65, respectively) are **DENIED.**

**So ORDERED and SIGNED this 11th day of September, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE