IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

VARIANT HOLDINGS, LLC
AND VARIANT, INC.

    PLAINTIFFS,

  v.

                                        NO. 2:11-CV-00427-JRG

HILTON HOTELS HOLDINGS LLC; ACCOR NORTH
AMERICA, INC. D/B/A MOTEL 6 D/B/A STUDIO 6
D/B/A NOVOTEL HOTELS D/B/A SOFITEL;
BAYMONT FRANCHISE SYSTEMS, INC. D/B/A
BAYMONT INN & SUITES; BENCHMARK
HOSPITALITY INTERNATIONAL D/B/A HOTEL
CONTESSA; DAYS INNS WORLDWIDE, INC.;
DOLLAR RENT A CAR, INC.; DOLLAR THRIFTY
AUTOMOTIVE GROUP, INC.; ENTERPRISE
HOLDINGS, INC. D/B/A ENTERPRISE RENT-A-CAR
D/B/A ALAMO RENT-A-CAR D/B/A NATIONAL CAR
RENTAL; FERTITTA HOSPITALITY, INC. D/B/A
HILTON GALVESTON ISLAND RESORT;
HAWTHORN SUITES FRANCHISING, INC.; HILTON
GOLBAL HOLDINGS LLC; HILTON WORLDWIDE
HOLDINGS, INC.; HILTON WORLDWIDE, INC. F/K/A
HILTON HOTELS CORP. D/B/A CONRAD HOTELS &
RESORTS D/B/A  DOUBLETREE BY HILTON  D/B/A
EMBASSY SUITES HOTELS D/B/A HAMPTON INN
D/B/A HAMPTON INN & SUITES D/B/A HILTON
HOTELS & RESORTS D/B/A HILTON GARDEN INN
D/B/A HOME2 SUITES BY HILTON D/B/A
HOMEWOOD SUITES BY HILTON D/B/A WALDORF
ASTORIA HOTELS & RESORTS D/B/A HILTON
GRAND VACATIONS; HOWARD JOHNSON
INTERNATIONAL, INC.; HYATT CORPORATION;
HYATT HOTELS CORPORATION D/B/A PARK
HYATT D/B/A ANDAZ D/B/A GRAND HYATT
HOTELS D/B/A HYATT REGENCY HOTELS D/B/A
HYATT SUMMERFIELD SUITES D/B/A HYATT
RESORTS D/B/A HYATT VACATION CLUB;  HYATT
HOTELS MANAGEMENT CORPORATION; HYATT
PLACE FRANCHISING, L.L.C.; KNIGHTS
FRANCHISE SYSTEMS, INC. D/B/A KNIGHTS INN;
MICROTEL INNS AND SUITES FRANCHISING, INC.

D/B/A MICROTEL INN & SUITES; PAYLESS RENTAL
CAR SYSTEM, INC.; RAMADA WORLDWIDE INC.;
RED LION HOTELS CORP.; SELECT HOTELS
GROUP, L.L.C D/B/A HYATT PLACE; SUPER 8
WORLDWIDE, INC.; THRIFTY, INC. D/B/A THRIFTY
CAR RENTAL; TRAVELODGE HOTELS, INC.; TRYP
HOTELS WORLDWIDE, INC.; U.S. FRANCHISE
SYSTEMS, INC.; WINGATE INNS INTERNATIONAL,
INC.; WYNDHAM HOTEL GROUP, LLC; WYNDHAM
HOTELS AND RESORTS, LLC; WYNDHAM
VACATION RESORTS, INC.; WYNDHAM
WORLDWIDE CORPORATION; OMNI HOTELS
MANAGEMENT CORPORATION D/B/A OMNI
HOTELS; and ACCOR BUSINESS & LEISURE NORTH
AMERICA, INC. D/B/A MOTEL 6 D/B/A STUDIO 6
D/B/A NOVOTEL HOTELS D/B/A SOFITEL

DEFENDANTS.

JURY TRIAL DEMANDED

## **PLAINTIFFS' THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs VARIANT HOLDINGS, LLC and VARIANT, INC. file this Amended

Complaint against the Defendants named herein (collectively "Defendants"), as follows:

### **PARTIES**

1.      Plaintiff VARIANT HOLDINGS, LLC has a place of business in Charlestown,

Nevis.

2.      Plaintiff VARIANT, INC. has a place of business in McFarland, Wisconsin.

Hereinafter, VARIANT HOLDINGS, L.L.C. and VARIANT, INC. are collectively referred to as

"VARIANT."

3.      On information and belief, Defendants HILTON HOTELS HOLDINGS LLC,

HILTON GOLBAL HOLDINGS LLC, HILTON WORLDWIDE HOLDINGS, INC. and

HILTON WORLDWIDE, INC. F/K/A HILTON HOTELS CORP. D/B/A CONRAD HOTELS

& RESORTS D/B/A DOUBLETREE BY HILTON  D/B/A EMBASSY SUITES HOTELS

2

D/B/A HAMPTON INN D/B/A HAMPTON INN & SUITES D/B/A HILTON HOTELS & RESORTS D/B/A HILTON GARDEN INN D/B/A HOME2 SUITES BY HILTON D/B/A HOMEWOOD SUITES BY HILTON D/B/A WALDORF ASTORIA HOTELS & RESORTS D/B/A HILTON GRAND VACATIONS (collectively "HILTON") each has a place of business in McLean, Virginia.

4.      On information and belief, Defendant ACCOR NORTH AMERICA, INC. D/B/A MOTEL 6 D/B/A STUDIO 6 D/B/A NOVOTEL HOTELS D/B/A SOFITEL ("ACCOR NORTH AMERICA") has a place of business in Carrollton, Texas.

5.      On information and belief, Defendant BAYMONT FRANCHISE SYSTEMS, INC. D/B/A BAYMONT INN & SUITES ("BAYMONT INNS") has a place of business in Parsippany, New Jersey.

6.      On information and belief, Defendant BENCHMARK HOSPITALITY INTERNATIONAL D/B/A HOTEL CONTESSA ("BENCHMARK") has a place of business in The Woodlands, Texas.

7.      On information and belief, Defendant DAYS INNS WORLDWIDE, INC. ("DAYS INNS") has a place of business in Parsippany, New Jersey.

8.      On information and belief, Defendants DOLLAR RENT A CAR, INC., DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. and THRIFTY, INC. D/B/A THRIFTY CAR RENTAL (collectively "DOLLAR THRIFTY") each has a place of business in Tulsa, Oklahoma.

9.      On information and belief, Defendant ENTERPRISE HOLDINGS, INC. D/B/A ENTERPRISE RENT-A-CAR D/B/A ALAMO RENT-A-CAR D/B/A NATIONAL CAR RENTAL ( "ENTERPRISE") has a place of business in Tulsa, Oklahoma.

10.     On information and belief, Defendant FERTITTA HOSPITALITY, INC. D/B/A HILTON GALVESTON ISLAND RESORT ("FERTITTA") has a place of business in Galveston, Texas.

11.     On information and belief, Defendant HAWTHORN SUITES FRANCHISING, INC. ("HAWTHORN") has a place of business in Atlanta, Georgia.

12.     On information and belief, Defendant HOWARD JOHNSON INTERNATIONAL, INC. ("HOWARD JOHNSON") has a place of business in Parsippany, New Jersey.

13.     On information and belief, Defendants HYATT CORPORATION, HYATT HOTELS MANAGEMENT CORPORATION, HYATT HOTELS CORPORATION D/B/A PARK HYATT D/B/A ANDAZ D/B/A GRAND HYATT HOTELS D/B/A HYATT REGENCY HOTELS D/B/A HYATT SUMMERFIELD SUITES D/B/A HYATT RESORTS D/B/A HYATT VACATION CLUB, HYATT PLACE FRANCHISING, L.L.C. and SELECT HOTELS GROUP, L.L.C D/B/A HYATT PLACE (collectively "HYATT") each has a place of business in Chicago, Illinois.

14.     On information and belief, Defendant KNIGHTS FRANCHISE SYSTEMS, INC. D/B/A KNIGHTS INN ("KNIGHTS INN") has a place of business in Parsippany, New Jersey.

15.     On information and belief, Defendants MICROTEL INNS AND SUITES FRANCHISING, INC. D/B/A MICROTEL INN & SUITES and U.S. FRANCHISE SYSTEMS, INC. (collectively "MICROTEL") each has a place of business in Parsippany, New Jersey and Atlanta, Georgia, respectively.

16.     On information and belief, Defendant PAYLESS RENTAL CAR SYSTEM, INC. ("PAYLESS") has a place of business in St. Petersburg, Florida.

17.     On information and belief, Defendant RAMADA WORLDWIDE INC. ("RAMADA") has a place of business in Parsippany, New Jersey.

18.     On information and belief, Defendant RED LION HOTELS CORP. ("RED LION") has a place of business in Spokane, Washington.

19.     On information and belief, Defendant SUPER 8 WORLDWIDE, INC. ("SUPER 8") has a place of business in Parsippany, New Jersey.

20.     On information and belief, Defendant TRAVELODGE HOTELS, INC. ("TRAVELODGE") has a place of business in Parsippany, New Jersey.

21.     On information and belief, Defendant TRYP HOTELS WORLDWIDE, INC. ("TRYP") has a place of business in Parsippany, New Jersey.

22.     On information and belief, Defendant WINGATE INNS INTERNATIONAL, INC. ("WINGATE") has a place of business in Parsippany, New Jersey.

23.     On information and belief, Defendants WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM VACATION RESORTS, INC. and WYNDHAM WORLDWIDE CORPORATION (collectively "WYNDHAM") each has a place of business in Parsippany, New Jersey.

24.     On information and belief, Defendants OMNI HOTELS MANAGEMENT CORPORATION D/B/A OMNI HOTELS  ("OMNI") has a place of business in Irving, Texas.

25.     On information and belief, Defendant ACCOR BUSINESS & LEISURE NORTH AMERICA, INC. D/B/A MOTEL 6 D/B/A STUDIO 6 D/B/A NOVOTEL HOTELS D/B/A SOFITEL ("ACCOR B&L") has a place of business in Carrollton, Texas.  Hereinafter, ACCOR B&L and ACCOR NORTH AMERICA are collectively referred to as "ACCOR."

## JURISDICTION AND VENUE

26.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27.     On information and belief, all of the Defendants, namely ACCOR; BAYMONT INNS; BENCHMARK; DAYS INNS; DOLLAR THRIFTY; ENTERPRISE; FERTITTA; HAWTHORN; HILTON; HOWARD JOHNSON; HYATT; KNIGHTS INN; MICROTEL; OMNI; PAYLESS; RAMADA; RED LION; SUPER 8; TRAVELODGE; TRYP; WINGATE and WYNDHAM, are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

28.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, all of the Defendants, namely ACCOR; BAYMONT INNS; BENCHMARK; DAYS INNS; DOLLAR THRIFTY; ENTERPRISE; FERTITTA; HAWTHORN; HILTON; HOWARD JOHNSON; HYATT; KNIGHTS INN; MICROTEL; OMNI; PAYLESS; RAMADA; RED LION; SUPER 8; TRAVELODGE; TRYP; WINGATE and WYNDHAM, are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their

substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,624,044

29.    United States Patent No. 7,624,044 (the "'044 patent"), entitled "System for marketing goods and services utilizing computerized central and remote facilities," duly and legally issued on November 24, 2009.

30.    VARIANT HOLDINGS, LLC is the assignee of the '044 Patent.  VARIANT, INC. is the exclusive licensee of the '044 patent.  Plaintiffs have standing to bring this lawsuit for infringement of the '044 Patent.

31.    The claims of the '044 Patent cover, *inter alia,* apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals.

32.    On information and belief, all Defendants named herein have infringed the '044 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over

an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals.

33.     On information and belief, one or more of HILTON HOTELS HOLDINGS LLC, HILTON GOLBAL HOLDINGS LLC, HILTON WORLDWIDE HOLDINGS, INC. and HILTON WORLDWIDE, INC. owns and/or operates the websites found at www.hiltonworldwide.com, www.hilton.com, www.conradhotels.hilton.com, www.doubletree.hilton.com, www.embassysuites.hilton.com, www.hamptoninn.hilton.com, www.hiltongardeninn.hilton.com, www.home2suites.hilton.com, www.homewoodsuites.hilton.com, www.waldorfastoria.com, and/or www.hiltongrandvacations.com.

34.     On information and belief, HILTON has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting hotel rooms, namely www.hiltonworldwide.com, www.hilton.com, www.conradhotels.hilton.com, www.doubletree.hilton.com, www.embassysuites.hilton.com, www.hamptoninn.hilton.com, www.hiltongardeninn.hilton.com, www.home2suites.hilton.com,

www.homewoodsuites.hilton.com, www.waldorfastoria.com, and/or www.hiltongrandvacations.com.

35.     On information and belief, one or more of ACCOR B&L and/or ACCOR NORTH AMERICA owns and/or operates the websites known as www.motel6.com, www.staystudio6.com, www.novotel.com and/or www.sofitel.com.

36.     On information and belief, ACCOR has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting hotel rooms, namely www.motel6.com, www.staystudio6.com, www.novotel.com and/or www.sofitel.com.

37.     On information and belief, BAYMONT INNS owns and/or operates the website known as www.baymontinns.com.

38.     On information and belief, BAYMONT INNS has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications

facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.baymontinns.com.

39.   On information and belief, BENCHMARK owns and/or operates the website known as www.thehotelcontessa.com.

40.   On information and belief, BENCHMARK has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.thehotelcontessa.com.

41.   On information and belief, DAYS INNS owns and/or operates the website known as www.daysinn.com.

42.   On information and belief, DAYS INNS has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims

of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.daysinn.com.

43.     On information and belief, one or more of DOLLAR RENT A CAR, INC., DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. and/or THRIFTY, INC. owns and/or operates the websites known as www.dollar.com and/or www.thrifty.com.

44.     On information and belief, DOLLAR THRIFTY has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting vehicles, namely www.dollar.com and www.thrifty.com.

45.     On information and belief, ENTERPRISE owns and/or operates the websites known as www.nationalcar.com, www.alamo.com, and www.enterprise.com.

46.     On information and belief, ENTERPRISE has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by

one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting vehicles, namely www.nationalcar.com, www.alamo.com, and www.enterprise.com.

47.    On information and belief, FERTITTA owns and/or operates the website known as www1.hilton.com/en_US/hi/hotel/GLSGIHF-Hilton-Galveston-Island-Resort-Texas/index.do.

48.    On information and belief, FERTITTA has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www1.hilton.com/en_US/hi/hotel/GLSGIHF-Hilton-Galveston-Island-Resort-Texas/index.do.

49.    On information and belief, HAWTHORN owns and/or operates the website known as www.hawthorn.com.

50.    On information and belief, HAWTHORN has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications

facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.hawthorn.com.

51.     On information and belief, HOWARD JOHNSON owns and/or operates the website known as www.hojo.com.

52.     On information and belief, HOWARD JOHNSON has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.hojo.com.

53.     On information and belief, one or more of HYATT CORPORATION, HYATT HOTELS MANAGEMENT CORPORATION, HYATT HOTELS CORPORATION, HYATT PLACE FRANCHISING, L.L.C. and SELECT HOTELS GROUP, L.L.C D/B/A HYATT PLACE owns and/or operates the websites known as www.hyatt.com, www.park.hyatt.com, www.andaz.com, www.grand.hyatt.com, www.regency.hyatt.com, www.summerfield.hyatt.com, www.hyattresorts.com,  www.hyattplace.hyatt.com,  www.hyatt.com/hyatt/place/franchises  and www.hyattvacationclub.com.

54.     On information and belief, HYATT has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in

the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting hotel rooms, namely www.hyatt.com, www.park.hyatt.com, www.andaz.com, www.grand.hyatt.com, www.regency.hyatt.com, www.summerfield.hyatt.com, www.hyattresorts.com, www.hyattplace.hyatt.com, www.hyatt.com/hyatt/place/franchises and www.hyattvacationclub.com.

55.     On information and belief, KNIGHTS INN owns and/or operates the website known as www.knightsinn.com.

56.     On information and belief, KNIGHTS INN has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.knightsinn.com.

57.     On information and belief, one or more of MICROTEL owns and/or operates the websites known as www.microtelinn.com.

58.     On information and belief, MICROTEL has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.microtelinn.com.

59.     On information and belief, PAYLESS owns and/or operates the website known as www.paylesscar.com.

60.     On information and belief, PAYLESS has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting vehicles, namely www.paylesscar.com.

61.     On information and belief, RAMADA owns and/or operates the website known as www.ramada.com.

62.     On information and belief, RAMADA has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.ramada.com.

63.     On information and belief, RED LION HOTELS CORP. owns and/or operates the website known as www.redlion.com.

64.     On information and belief, RED LION has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.redlion.com.

65.     On information and belief, SUPER 8 owns and/or operates the website known as www.super8.com.

66.     On information and belief, SUPER 8 has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.super8.com.

67.     On information and belief, TRAVELODGE owns and/or operates the website known as www.travelodge.com.

68.     On information and belief, TRAVELODGE has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.travelodge.com.

69.     On information and belief, TRYP owns and/or operates the website known as www.tryphotels.com.

70.     On information and belief, TRYP has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting hotel rooms, namely www.tryphotels.com.

71.     On information and belief, WINGATE owns and/or operates the website known as www.wingatehotels.com.

72.     On information and belief, WINGATE has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.wingatehotels.com.

73.     On information and belief, one or more of WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM VACATION RESORTS, INC.

and/or WYNDHAM WORLDWIDE CORPORATION owns and/or operates the websites known as www.wyndham.com and www.wyndhamvacationresorts.com.

74.     On information and belief, WYNDHAM has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting hotel rooms, namely www.wyndham.com and www.wyndhamvacationresorts.com.

75.     On information and belief, OMNI owns and/or operates the website known as www.omnihotels.com.

76.     On information and belief, OMNI has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.omnihotels.com.

77.     To the extent that facts learned during the pendency of this case show that Defendants' infringement includes indirect infringement, VARIANT reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

78.     To the extent that facts learned during the pendency of this case show that this is an "exceptional case," VARIANT reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

79.     Upon information and belief, each Defendant's infringement of the '044 patent since receiving notice of the patent, at a minimum by virtue of this lawsuit, has necessarily been willful and objectively reckless at least due to the fact that the Defendants' infringement is clear and there is no known good faith basis to assert invalidity.

80.     As a result of Defendants' infringing conduct, Defendants have damaged VARIANT. Defendants are liable to VARIANT in an amount that adequately compensates VARIANT for their infringement, which, by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, VARIANT respectfully requests that this Court enter:

1.     A judgment in favor of VARIANT that Defendants have infringed the '044 patent;

2.     A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '044 patent;

3.     A judgment and order requiring Defendants to pay VARIANT its damages, costs, expenses, fees and prejudgment and post-judgment interest for Defendants' infringement of the '044 patent as provided under 35 U.S.C. §§ 284 and/or 285; and

4.      Any and all other relief to which VARIANT may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, VARIANT requests a trial by jury of any issues so triable by right.


September 26, 2012                                            Respectfully submitted,

                                                             COLLINS, EDMONDS & POGORZELSKI, PLLC

                                                             By: /s/ *John J. Edmonds*
                                                             John J. Edmonds – Lead Counsel
                                                             Texas Bar No. 789758
                                                             Stephen F. Schlather
                                                             Texas Bar No. 24007993
                                                             COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                             1616 S. Voss Road, Suite 125
                                                             Houston, Texas 77057
                                                             Telephone: (281) 501-3425
                                                             Facsimile: (832) 415-2535
                                                             jedmonds@cepiplaw.com
                                                             sschlather@cepiplaw.com

                                                             Andrew W. Spangler
                                                             Texas Bar No. 24041960
                                                             Spangler & Fussell P.C.
                                                             208 N. Green Street, Suite 300
                                                             Longview, Texas 75601
                                                             (903) 753-9300
                                                             (903) 553-0403 (fax)
                                                             spangler@sfipfirm.com
                                                             ATTORNEYS FOR PLAINTIFFS
                                                             VARIANT HOLDINGS, LLC AND
                                                             VARIANT, INC.


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

September 26, 2012                                  /s/ *John J. Edmonds*

John J. Edmonds